# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

OTISHA STARNES,

        Plaintiff,

    v.

FRANK BISIGNANO,
Commissioner of Social Security,

        Defendant.

_____/

Case No. 1:25-cv-01221-SKO

ORDER ON PLAINTIFF'S SOCIAL
SECURITY COMPLAINT

(Doc. 1)

## I.    INTRODUCTION

Plaintiff Otisha Starnes ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for Supplemental Security Income (SSI) under the Social Security Act (the "Act"). (Doc. 1.)  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

## II.    FACTUAL BACKGROUND

On November 5, 2021, Plaintiff applied for SSI payments, alleging she became disabled as of that date due to post-traumatic stress disorder (PTSD); depression; sleeplessness; diabetes; menstruation issues; low self-esteem; anti-social behavior; suicidal ideation; anger issues; obesity;

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge.  (*See* Doc. 10.)  On April 13, 2026, this case was reassigned to the undersigned.  (*See* Doc. 21.)

compulsive disorder; delirium; psychotic outburst; and memory loss.  (Administrative Record ("AR") 17, 125, 147, 170–71, 404, 410, 472, 480.)  Plaintiff was born in 1991 and was 30 years old on the application date.  (AR 29, 124, 146, 410.)  Plaintiff has at least a high school education (AR 104, 405) and no past relevant work (AR 29).

## A.    Relevant Evidence of Record[2]

In March 2022, following a comprehensive psychological evaluation, consultative psychologist Simon McCrea, Ph.D., opined that Plaintiff had no limitation in her ability to "understand, remember, and perform simple written and oral instructions"; mild limitation in her ability to "understand, remember, and perform complex written and oral instructions"; mild limitation with "maintaining regular attendance in the workplace"; mild limitation in her ability to "perform work activities on a consistent basis"; moderate limitation in her ability to "perform work activities without special or additional supervision"; moderate limitation in her ability to "complete a normal workday or workweek without interruptions resulting from [her] psychiatric condition"; mild limitation in her ability to "accept instructions from supervisors"; mild limitation in her ability to "interact with coworkers and with the public"; and moderate limitation in her ability to "deal with the usual stresses encountered in competitive work environment."  (AR 526–27.)  Dr. McCrae further opined that Plaintiff can manage funds independently.  (AR 527.)

## B.    Administrative Proceedings

The Commissioner denied Plaintiff's application for benefits initially on April 21, 2022, and again on reconsideration on August 1, 2022.  (AR 17, 170–74, 176–80.)  Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (AR 181–96.)

At the hearing on August 15, 2024, Plaintiff appeared telephonically with counsel and testified before an ALJ as to her alleged disabling conditions.  (AR 100–117.)  A Vocational Expert ("VE") also testified at the hearing.  (AR 118–22.)

## C.    The ALJ's Decision

In decision dated October 8, 2024, the ALJ concluded that Plaintiff was not disabled.  (AR

---

[2] Because the parties are familiar with the medical evidence, it is summarized here only to the extent relevant to the contested issues.

2

17–30.)  The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 416.920.  (AR 19–30.)  The ALJ decided that Plaintiff had not engaged in substantial gainful activity since November 5, 2021, the application date (step one).  (AR 19.)  At step two, the ALJ found Plaintiff's following impairments to be severe: lumbar spine disorder at L5-S1; disorder of the left shoulder: irregularity distal end of clavicle, positive for arthralgias with pain; intermittent lower extremity edema; obesity; and depression and mild cognitive impairment.  (AR 19–20.)  Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three).  (AR 20–23.)

The ALJ then assessed Plaintiff's residual functional capacity (RFC)[3] and applied the assessment at steps four and five.  *See* 20 C.F.R. § 416.920(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps.").  The ALJ determined that Plaintiff had the RFC:

> to perform light work as defined in 20 CFR 416.967(b) except with the following limitations: frequent climbing ramps, stairs, stooping, kneeling, crouching, crawling; precluded from ladders, ropes or scaffolds; no hazardous work environments that require excellent to good balance such as working at unprotected heights, operating fast or dangerous machinery or walking on uneven slippery terrain; can understand, remember and carry out simple instructions; nonpublic work; occasional tasks that require teamwork (working with one or more persons at a time); static work environment (an environment where the tasks and physical surroundings remain the same from day to day); can maintain concentration for 2 hours at a time; can perform activities within a schedule; maintain attendance; and sustain a routine without special supervision.

(AR 23–29.)  Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" the ALJ rejected Plaintiff's subjective testimony as "not

---

[3] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours per day, for 5 days per week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996).  The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments.  *Id*.  "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

entirely consistent with the medical evidence and other evidence in the record." (AR 27.)

The ALJ determined that Plaintiff had no past relevant work (step four) but that, given her RFC, she could perform a significant number of jobs in the national economy (step five), including parts assembler, marker, and hand packaging inspector. (AR 30.) The ALJ ultimately concluded that Plaintiff was not disabled since November 5, 2021, the date the application was filed. (AR 30.)

Plaintiff sought review of this decision before the Appeals Council, which denied review on August 21, 2025. (AR 1–6.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 416.1481.

### III.    LEGAL STANDARD

**A.    Applicable Law**

An individual is considered "disabled" for purposes of disability benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they] are not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920. The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to

4

perform any other substantial gainful activity in the national economy.  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 416.920(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants).  "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)).  "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.    Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted).  "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).  "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted).  Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*,

143 F.3d 1240, 1243 (9th Cir. 1998)).  "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)).  "An error is harmless only if it is 'inconsequential to the ultimate nondisability determination.'"  *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)).  "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

### IV.    DISCUSSION

Plaintiff asserts five allegations of error: (1) the ALJ failed to articulate clear and convincing reasons for discounting her testimony regarding her subjective complaints; (2) the ALJ failed adequately to address assessed limitations in a credited medical opinion; (3) the ALJ erred in evaluating lay witness testimony; (4) the ALJ failed to translate findings during the psychiatric review technique into the RFC; and (5) the ALJ did not adequately evaluate her obesity.  (Docs. 15, 20.)  The Commissioner counters that the ALJ (1) properly relied on evidence in the record that undermined the credibility of Plaintiff's allegations of disabling symptoms and limitations; (2) adequately translated credited medical opinions into the assessed RFC; (3) properly considered the lay witness testimony; (4) sufficiently accounted for mental limitations in the RFC; and (5) appropriately evaluated Plaintiff's obesity.  (Doc. 19.)

The Court agrees with Plaintiff that the assessed RFC is not supported by substantial evidence, as the ALJ did not adequately address whether and how it accounts for credited medical opinion evidence regarding Plaintiff's moderate limitations, and on that basis will reverse and remand the matter for further proceedings.[4]

---

[4] Because further proceedings will necessitate the re-evaluation of the evidence and re-assessment of the RFC, *see infra*, the Court does not reach the additional allegations of error.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Rendon G. v. Berryhill*, No. EDCV 18-0592-JPR, 2019 WL 2006688, at *8 (C.D. Cal. May 7, 2019); *Harris v. Colvin*, No. 13-cv-05865 RBL, 2014 WL 4092256, at *4 (W.D. Wash. Aug. 11, 2014);

**A.    Legal Standard**

"In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).  "[A]n RFC that fails to take into account a claimant's limitations is defective." *Valentine*, 574 F.3d at 690.

"Where an ALJ accords substantial or great weight to a physician's opinion, [they] must either incorporate their findings into the RFC or offer an explanation for why he chose not to accept them." *Sahyoun v. Saul*, No. 2:18-CV-576-EFB, 2020 WL 1492661, at *3 (E.D. Cal. Mar. 27, 2020); *see also Martin v. Comm'r of Soc. Sec. Admin.*, 472 F. App'x 580 (9th Cir. 2012) ("The administrative law judge (ALJ) erred when formulating Martin's residual functional capacity (RFC) because the RFC neither incorporated Dr. Steiner's opinion of Martin's work limitations nor gave specific and legitimate reasons for rejecting it."); *Bain v. Astrue*, 319 F. App'x 543, 545–46 (9th Cir. 2009) (holding ALJ erred in not including consultative examining psychologist's moderate limitations in the RFC, despite specifically crediting these limitations in the opinion); *Harrell v. Kijakazi*, No. 1:20-cv-00614-GSA, 2021 WL 4429416, at *4 (E.D. Cal. Sept. 27, 2021) ("The ALJ was under no obligation to accept a medical opinion he found unsupported by the record.  But, having clearly stated that he was according [the physician]'s opinion great weight, the ALJ was under an obligation to account for the moderate limitations [the physician] identified irrespective of the broader reasoning in support of the RFC."); *Flores v. Saul*, No. 1:18-cv-01523-SKO, 2020 WL 509098, at *5 (E.D. Cal. Jan. 31, 2020) (finding ALJ erred by assigning great weight to consultative psychologist's opinion, but failing to provide specific and legitimate reasons for rejecting significant portions of the opinion); *Wascovich v. Saul*, No. 2:18-cv-659-EFB, 2019 WL 4572084, at *3–5 (E.D. Cal. Sept. 20, 2019) (finding ALJ erred by assigning substantial weight to consulting examiner's opinion that the plaintiff had a mild to moderate impairment in her capacity to maintain regular attendance, but failed to account for the limitation in the RFC); *Neufeld v. Berryhill*, No. 2:16-cv-03644 (VEB), 2018 WL 4739699, at *6 (C.D. Cal. Sept. 30, 2018) ("Having afforded 'great weight' to the opinions of Dr. Bartell and Dr. Loomis, the ALJ was bound to either incorporate their findings

*Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

as to Plaintiff's limitations or explain why she decided not to accept them."). An ALJ errs when they do not explain why they did not adopt all findings or limitations from a persuasive opinion. *Patterson v. Comm'r of Social Sec.*, No. 2:23-cv-00635 AC, 2024 WL 4216810, at *8 (E.D. Cal. Sept. 17, 2024).

**B.    Analysis**

As set forth above, and as pertinent here, consultative examiner Dr. McCrea opined that Plaintiff was moderately limited in her ability to "perform work activities without special or additional supervision," "complete a normal workday or workweek without interruptions resulting from [her] psychiatric condition," and "deal with the usual stresses encountered in competitive work environment." (AR 527.) The ALJ found the opinion "persuasive," as it was "supported by testing" and "consistent with the overall record." (AR 28.)

The question before the Court is whether the ALJ, having deemed Dr. McCrea's opinion persuasive, "appropriately translated the moderate limitations from that opinion into concrete restrictions in the RFC." *Harrell*, 2021 WL 4429416, at *6–7; *see also id.* ("But, having clearly stated that he was according Dr. Stafford's opinion great weight, the ALJ was under an obligation to account for the moderate limitations Dr. Stafford identified irrespective of the broader reasoning in support of the RFC."). In answering this question, the Court is mindful that an ALJ's RFC findings need only be consistent with assessed limitations and not identical to them. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222–23 (9th Cir. 2010); *Wascovich*, 2019 WL 4572084, at *5 ("This does not necessarily mean that the ALJ was required to explicitly transcribe the limitation in the RFC. Rather, he is required to account for it in his 'translation.'"); *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."); *Ashlock v. Kijakazi*, No. 1:21-cv-01687-GSA, 2022 WL 2307594, at *3 (E.D. Cal. June 27, 2022) ("The RFC need not mirror a particular opinion; it is an assessment formulated by the ALJ based on all relevant evidence.").

Here, it is not clear from the ALJ's decision if—and if so, how—the ALJ may have incorporated into the assessed RFC the opined moderate limitations in Dr. McCrea's persuasive opinion. *See Wascovich*, 2019 WL 4572084, at *5. The Commissioner contends that Dr. McCrea's

opined limitations are accounted for by the assessed RFC. (Doc. 19 at 10–11.) The Court disagrees.

First, the Commissioner maintains that the RFC adequately accounted for all of Plaintiff's "moderate" limitations considering that a "moderate" limitation in the context of Dr. McCrea's evaluation could reasonably have been understood as meaning "more than a slight limitation," but that Plaintiff "could still function satisfactorily." (*Id.* at 10 (quoting *Fergerson v. Berryhill*, No. 5:17-CV-00161-KES, 2017 WL 5054690, at *3 (C.D. Cal. Nov. 1, 2017)). However, in formulating an RFC, the ALJ must account for *all* of a claimant's medically determinable impairments, including those that are not "severe," and evaluate "all of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(1); *Valentine*, 574 F.3d 690 (an RFC that "fails to take into account a claimant's limitations is defective"). Therefore, an ALJ errs when, as here, the ALJ provides an incomplete RFC ignoring "significant and probative evidence." *Hill v. Astrue*, 698 F.3d 1153, 1161–62 (9th Cir. 2012). Here, the ALJ generally credited Dr. McCrea's opinion and incorporated some of the mild interaction and concentration limitations into the assessed RFC. However, the ALJ did not address Dr. McCrea's opinion as to the assessed moderate limitations by either translating the opined limitations into the RFC or explaining why the ALJ declined to credit Dr. McCrea's opinion as to them. This was error. *See Macquarrie v. Comm'r of Soc. Sec.*, No. 1:21-CV-00072-CDB, 2023 WL 8242069, at *7 (E.D. Cal. Nov. 28, 2023).

Defendant next cites a Ninth Circuit case, *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008), to support the proposition that an RFC limited to simple work "accommodates an opinion that a claimant has moderate limitations." (Doc. 19 at 10.) However, that case is distinguishable from the instant matter.

In *Stubbs-Danielson v. Astrue*, the Ninth Circuit noted that an "ALJ's RFC finding properly incorporated the limitations . . . related to pace and the other mental limitations regarding attention, concentration, and adaption." *Id.* at 1174. However, courts have frequently distinguished *Stubbs-Danielson* as inapplicable to cases with opined limitations beyond concentration, persistence, or pace. *Macias*, 2021 WL 856423, at *6 (distinguishing *Stubbs-Danielson* as "the moderate restrictions at issue here involve limitations in maintaining attendance and completing a normal workday, not limitations in concentration, persistence or pace"); *Harrell*, 2021 WL 4429416, at *6

(finding that *Stubbs-Danielson* did not "specifically address the extent to which a limitation to simple and routine tasks appropriately accounts for the limitations identified"); *Warren v. Saul*, No. 8:19-CV-02270-PD, 2021 WL 259435, at \*5 (C.D. Cal. Jan. 26, 2021) (finding case factually distinguishable from *Stubbs-Danielson* where assessment that Plaintiff could perform work involving simple, repetitive tasks requiring only simple work-related decisions and involving only occasional changes in a routine work setting, with unlimited contact and interaction with supervisors as necessary to receive work-related instructions but otherwise only occasional interaction with coworkers, failed to address the moderate limitations found by physician in plaintiff's ability to maintain regular attendance, interact with a supervisor, or complete an eight-hour workday in a regular workplace); *Sahyoun*, 2020 WL 1492661, at \*4 (noting factual distinction from *Stubbs-Danielson* where physician did not opine that plaintiff could sustain work involving simple, repetitive tasks despite his moderate limitations in maintaining regular attendance, completing a normal workday or work). As in those cases, here Dr. McCrea opined other moderate limitations beyond concentration, persistence, or pace. (*See* AR 527.) *Stubbs-Danielson* therefore does not exempt the ALJ from needing to account for Dr. McCrea's other opined limitations.

In fact, courts within this district have recently noted that the district court case law "tends to favor the view that a restriction to simple/routine tasks with limited public contact does not account for the moderate limitations . . . identified in interacting with supervisors and peers, handling work related stressors, maintaining regular attendance, and completing a normal workweek without interruption," as opined by Dr. McCrea. *Harrell*, 2021 WL 4429416, at \*6 (collecting cases). *See Macquarrie*, 2023 WL 8242069, at \*6 ("[T]he weight of more recent case law [ ] tends to refute the argument that a limitation to simple, routine tasks in the RFC adequately accounts for moderate limitations in the ability to complete a normal workday and the ability to handle stress.") (quoting *Slover v. Kijakazi*, No. 1:21-cv-01089-ADA-BAM, 2023 WL 5488416, at \*4 (E.D. Cal. Aug. 24, 2023); *Sahyoun*, 2020 WL 1492661, at \*4 (rejecting argument that the RFC determination that plaintiff could sustain work involving simple, repetitive tasks adequately captured moderate limitations in maintaining regular attendance, completing a normal workday or work week without interruption from a psychiatric condition, and handling normal work-related stress); *Berenisia*

*Madrigal v. Saul*, No. 1:18-cv-01129-SKO, 2020 WL 58289, at \*5–6 (E.D. Cal. Jan. 6, 2020) (finding that ALJ's RFC of simple, routine tasks with limited peer and public contact did not account for opined limitations in "completing a normal workday or work week due to her psychiatric condition, moderate difficulties dealing with stress and changes encountered in the workplace, and an up to moderate likelihood that she would emotionally deteriorate in a work environment"). Likewise, a limitation to simple work does not account for Dr. McCrea's opined moderate limitation in Plaintiff's "ability to perform work activities without special or additional supervision." *See Proulx v. Kijakazi*, No. 18cv1755 JAH-BGS, 2023 WL 5737785, at \*6 (S.D. Cal. Sept. 5, 2023) (holding that a limitation to simple routine tasks did not provide for the plaintiff's moderate limitations in the ability to "perform work activities without special or additional supervision"); *Davis v. Saul*, No. 20cv814-BLM, 2021 WL 2333256, at \*10 (S.D. Cal. June 7, 2021) (concluding that the ALJ erred by failing to include in the RFC or hypotheticals that the plaintiff was moderately limited in her ability to perform work activities or an ordinary routine without special supervision or to obtain testimony or other evidence establishing that the limitation language utilized by the ALJ captured the restrictions identified in the medical evidence); *Donna M. v. Saul*, No. 19-cv-03134-DMR, 2020 WL 6415601, at \*4 (N.D. Cal. Nov. 2, 2020) (finding limitation to simple, routine tasks in RFC did not address other moderate limitations, including the plaintiff's ability to perform work activities on a consistent basis without special or additional supervision.); *Lisardo S. v. Berryhill*, Case No. 5:18-cv-00480-AFM, 2019 WL 773686, at \*5 (C.D. Cal. Feb. 20, 2019) (finding the ALJ's RFC restricting the plaintiff to simple work with a predictable work routine and no more than simple decision making did not accommodate the plaintiff's moderately limited ability to perform work without special or additional supervision.).

Finally, the Commissioner contends that the ALJ did not err by failing to expressly addressing Dr. McCrea's opined moderate limitations because "'moderate' limitations do not specify functional limitations and are inadequate for determining RFC." (Doc. 19 at 10.)  This argument is misplaced.  It is not the case that <u>all</u> "moderate" limitations fail to specify functional limitations, as the above caselaw demonstrates, *see supra*.

The Court therefore finds that the ALJ's RFC did not adequately address or account for Dr.

McCrea's moderate limitations in Plaintiff's ability to "perform work activities without special or additional supervision," "complete a normal workday or workweek without interruptions resulting from [her] psychiatric condition," and "deal with the usual stresses encountered in competitive work environment."  *See Gowan v. Comm'r of Soc. Sec.*, No. 1:23-cv-00598-DAD-AC, 2024 WL 3372470, at *3 (E.D. Cal. July 11, 2024) ("[T]he RFC's restriction to 'simple, routine and repetitive tasks' did not account for [moderate] limitations to plaintiff's ability to maintain attendance and to perform work activities without additional or special supervision."); *Donald J. M. v. O'Malley*, No. 22-cv-1926-MMP, 2024 WL 1342573, at *14-17 (S.D. Cal. Mar. 29, 2024) (finding that the ALJ's RFC limiting plaintiff to simple, routine tasks and no interaction with the public failed to account for the plaintiff's moderate limitations in maintaining regular attendance in the workplace, in performing work activities on a consistent basis, and in performing work activities without special or additional supervision); *Christopher G. v. Saul*, No. 2:19-cv-06150-AFM, 2020 WL 2079972, at *6 (C.D. Cal. Apr. 30, 2020) (RFC that the plaintiff could "perform work involving simple, routine tasks with limited public and co-worker interaction" failed to address moderate limitation in maintaining regular attendance, completing a normal workday or workweek, or in performing at a consistent pace without an unreasonable number and length of rest periods); *Sahyoun*, 2020 WL 1492661, at *4 (RFC limiting the plaintiff to simple, repetitive tasks and no more than occasional interaction with supervisors, coworkers and public did not adequately capture moderate limitations in maintaining regular attendance, completing a normal workday or work week without interruption from a psychiatric condition, and handling normal work-related stress); *Cummings v. Berryhill*, No. 5:17-cv-00056-AS, 2018 WL 813620, at *1, 3 (C.D. Cal. Feb. 9, 2018) (ALJ's RFC determination limiting the plaintiff to work involving simple, routine tasks, a non-public environment, and non-intense interaction with coworkers and supervisors failed to take into account that plaintiff was "moderately limited in his ability to perform work activities without additional or special supervision, to complete a normal workday or workweek without interruption resulting from any psychiatric conditions, and to deal with the usual stresses encountered in competitive work").

Because the ALJ credited Dr. McCrea's opinion, the ALJ needed to address either (1) how they translated the opined moderate limitations into the RFC, or (2) why they did not.  *See Stubbs-*

*Danielson,* 539 F.3d at 1174.  Absent an explanation for failing to account for these limitations, the Court finds that the ALJ's RFC determination is not supported by substantial evidence.  *See Christopher S. Z. v. O'Malley,* No. 2:23-CV-09446-DTB, 2024 WL 6916748, at *4 (C.D. Cal. Oct. 15, 2024); *Sahyoun,* 2020 WL 1492661, at *3; *Robbins,* 466 F.3d at 886 ("an ALJ is not free to disregard properly supported limitations"); *Warren v. Saul,* No. 8:19-CV-02270-PD, 2021 WL 259435, at *6 (C.D. Cal. Jan. 26, 2021); *Byrd v. Colvin,* 2017 WL 980559, at *8 (D. Or. Mar. 14, 2017) ("Here, the ALJ gave great weight to [the] opinion, but the RFC failed to take into account all of the limitations identified by [the doctor], and the ALJ failed to explain why she did not include the limitations in the RFC.  As a result, the ALJ erred in formulating the RFC.").

## C.    Harmlessness Review

The Court must now consider whether the ALJ's error was harmless.  *Molina,* 674 F.3d at 1115.  Courts look to the record as a whole to determine whether the error alters the outcome of the case.  *Id.*; *March v. Colvin,* 792 F.3d 1170, 1172 (9th Cir. 2015).  An error is harmless "where it is inconsequential to the ultimate nondisability determination."  *Molina,* 674 F.3d at 1115 (citations omitted).

The Court cannot conclude that the error is harmless as it is not clear whether inclusion of the unaddressed moderate limitations as opined by Dr. McCrea would have eliminated available jobs.  Moderate limitations are not per se disabling, but they may translate into more concrete work restrictions.  *See Macquarrie,* 2023 WL 8242069, at *7.  For example, the VE testified that a person who was productive only three to four hours a day would not be able to "work in a competitive market."  (AR 121–22.)  Additionally, the VE testified that a person absent three or more days per month would preclude all work.  (AR 122.)  Had the ALJ included different limitations in the RFC based upon a proper review of the evidence, the ultimate disability determination may have been different.  Accordingly, the Court cannot find that the error was "inconsequential to the ultimate nondisability determination."  *Molina,* 674 F.3d at 1115.

## D.    Remedy

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award

13

of benefits.  Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled.  *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, the Court finds, and Plaintiff agrees, (Doc. 15 at 21), that remand for further proceedings is the appropriate remedy.  *See, e.g., Chan v. Bisignano,* No. 1:25-CV-01479-SKO, 2026 WL 807520, at *7 (E.D. Cal. Mar. 24, 2026) (remanding for further proceedings where RFC determination was not supported by substantial evidenced due to failure to consider credited moderate limitations).  On remand, the ALJ shall either incorporate all of the limitations assessed by Dr. McCrea into the assessed RFC or explain why any such limitation(s) is not incorporated.

## V.    CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is, therefore, VACATED.  The case is REMANDED to an ALJ for further proceedings consistent with this Order.  The Clerk of Court is DIRECTED to enter judgment in favor of Plaintiff Otisha Starnes and against Defendant Frank Bisignano, Commissioner of Social Security.

IT IS SO ORDERED.

Dated:    **June 16, 2026**                         /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE